UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KENDRICK WILSON                                                              PLAINTIFF

vs.                                          CIVIL ACTION NO. 3:19-CV-00739-CRS

LOUISVILLE-JEFFERSON COUNTY METRO
GOVERNMENT AND BRETT HANKISON                           DEFENDANTS

## MEMORANDUM OPINION

### I. Introduction

This matter is before the Court on Defendant Louisville-Jefferson County Metro Government's ("Metro") motion to dismiss. DN 4. Plaintiff Kendrick Wilson ("Wilson") responded. DN 5. Metro replied. DN 7-1. The matter is now ripe for adjudication. For the reasons stated herein, the Court will deny Metro's motion to dismiss.

### II. Factual Background

This case arises from three separate interactions between Wilson and Detective Brett Hankison ("Detective Hankison") of the Louisville Metro Police Department ("LMPD"). Wilson alleges that between March 19, 2016 and October 14, 2018, Wilson encountered Detective Hankison three times in the vicinity of Tin Roof and Sullivan's Tap House on Shelbyville Road in Louisville, Kentucky. DN 1 at ¶ 13; *Id.* at ¶ 16; *Id.* at 26. According to Hankison, each interaction led to an arrest. *Id*. Based on these interactions, the arrests, and other allegations, Wilson brought four claims against Detective Hanksion and a single claim against Metro. *Id.* at ¶ 40–77. The single claim against Metro is the only relevant claim to the instant motion.

Wilson alleges that after his second interaction with Detective Hankison on June 2, 2018, he filed a complaint with Sergeant Trey McKinley ("Sergeant McKinley") of LMPD's Internal

Affairs Department. *Id.* at ¶ 25. Specifically, Wilson alleges that in September of 2018, he "made a report" with Sergeant McKinley saying that Detective Hankison was "unfairly targeting him." *Id*. Wilson believes that Sergeant McKinley recorded this conversation. *Id*. Further, Wilson alleges that Sergeant McKinley advised him to "discontinue his complaint [because] his case was pending and he did not have legal counsel present." *Id*.

Wilson's claim against Metro alleges "violations of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution." *Id.* ¶ 53–62. Wilson bases this claim entirely on his complaint to Sergeant McKinley. He alleges: (1) LMPD is an entity that has final decision-making authority, (2) LMPD, through Wilson's complaint, had knowledge of Detective Hankison's unconstitutional conduct, and (3) LMPD failed to investigate the unconstitutional conduct. *Id*. Based on these allegations, Wilson argues that Metro, as a municipal corporation, is liable under § 1983 because the LMPD knew Detective Hanksion was engaging in unconstitutional conduct and "subsequently failed to conduct an investigation, indicating that they implicitly authorized, approved, or knowingly acquiesced the unconstitutional conduct of Defendant Hankison." *Id.* at ¶ 59.

### III. Legal Standard

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a

2

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted). Further, claims against municipal corporations under § 1983 are not subject to heightened pleading standards. *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). "[F]ederal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Id.*

## IV. Discussion

The only issue before the Court is whether Wilson has alleged a legally viable claim for relief against Metro under § 1983. Metro argues that Wilson's municipal liability claim must be dismissed because Wilson fails to allege a pattern of deliberately failing to investigate claims of unconstitutional conduct. DN 41 at 4. Wilson responds that a single allegation of failure to investigate a claim of unconstitutional conduct is sufficient to survive a motion to dismiss. DN 5 at 5. Metro's argument is without merit.

A municipality can only be held liable under § 1983 in limited circumstances. *Monell v. Dep't of Soc. Services of the City of New York et al.,* 463 U.S. 658, 694 (1978). Under *Monell*, "a local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its law makers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983." *Id.* "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the

following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiesce of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Metro's argument conflates the second and fourth avenue by which a plaintiff can demonstrate a policy or custom under the *Monell* framework. The Sixth Circuit has held that under the second avenue, a plaintiff "would not need to establish a pattern of misconduct where the actor was a policymaker with final policymaking authority." *Burgess*, 735 F.3d at 479 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–484 (1986)).

Further, the Sixth Circuit has held that municipal liability may attach when an official with final decision-making authority and a duty to know and act upon unconstitutional conduct fails to investigate or correct the unconstitutional conduct. *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985); *see also Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1248 (6th Cir. 1989). In *Marchese*, a prisoner was beaten while in police custody. *Id.* at 182–184. The state trial court judge, upon noticing the prisoner's physical condition, ordered the sheriff to investigate the incident. *Id.* The sheriff failed to do so. *Id.* at 184. Subsequently, the prisoner filed a § 1983 action against the sheriff in his official capacity and the county alleging that the sheriff's failure to investigate the incident constituted ratification of unconstitutional conduct. *Id.* The Sixth Circuit held that the sheriff, acting in his official capacity, "had a duty to both know and act" on the order from the trial judge. *Id.* at 188. By not doing so, the sheriff ratified the unconstitutional conduct, and the Sixth Circuit held that such ratification was sufficient to attach liability to the sheriff and the county. *Id.* at 188–189.

4

Under *Monell* and Sixth Circuit precedent, Wilson is not required to allege a pattern of deliberately failing to investigate claims of unconstitutional conduct to state a plausible municipal liability claim under § 1983. Since Metro's sole argument rests entirely upon that assertion, and Metro does not put forth any other argument with regard to the sufficiency of Wilson's claim, its motion is without merit. Accordingly, the Court will deny Metro's motion to dismiss.

V. **Conclusion**

For the reasons stated herein, a separate order will be entered this date denying Defendant Louisville-Jefferson County Metro Government's motion to dismiss. DN 4.

February 26, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**