UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00739-CRS

*Electronically Filed*

KENDRICK WILSON      PLAINTIFF

vs.

LOUISVILLE-JEFFERSON COUNTY
METROPOLITAN GOVERNMENT, *et al.*      DEFENDANTS

---

### REPLY TO PLAINTIFF'S RESPONSE TO
### DEFENDANT HANKISON'S MOTION FOR SUMMARY JUDGMENT

---

Comes the Defendant, Brett Hankison, by counsel, pursuant to *Fed.R.Civ.P.* 56 and LRP 7.1 and states as follows for his Reply to Plaintiff's Response to Hankison's Motion for Summary Judgment.

### **INTRODUCTION**

Plaintiff's Response fails to negate the fact that the Complaint bases all of the allegations in this case against Defendant Hankison upon an October 2018 arrest to which Plaintiff stipulated there was probable cause. Not only does Plaintiff's Response fail to refute Defendant's well-supported argument on said point, but Plaintiff's Response completely fails to even address the argument in any fashion whatsoever. Instead, Plaintiff's Response attaches twenty plus pages of documents concerning affidavits and search warrants involving someone other than Plaintiff as somehow being supportive of Plaintiff's speculation that Defendant Hankison must have conspired to deprive Plaintiff of Plaintiff's constitutional rights. Fatal to Plaintiff's speculative argument, however, is that Hankison is not mentioned or a part of any of the documents Plaintiff attached to

Plaintiff's Response, nor was Hankison involved in the 2019 search of Plaintiff's home and business. Plaintiff presents this Court with zero evidence to the contrary. Further, Plaintiff made no allegations in his Complaint that connected Hankison to anything other than the October 14, 2018 arrest, and Plaintiff may not raise new claims in his response to a motion for summary judgment. Consequently, the only allegations contained in the Complaint that are levied against Hankison are precluded as a matter of law because of Plaintiff's stipulation to probable cause for Plaintiff's 2018 arrest. Plaintiff's speculation is simply insufficient to save Plaintiff's claims from dismissal.

Plaintiff's failure to address any of the well-supported argument set forth in Hankison's Motion for Summary Judgment negates the need to rehash said argument. The remainder of this Reply will therefore merely focus on the law supporting the notion that Plaintiff's perfunctory Response is not sufficient to defeat Hankison's instant motion, Plaintiff is not permitted to raise new claims in his Response for the first time, the undisputed nature of Plaintiff's stipulation to probable cause is fatal to Plaintiff's claims and the law supporting the fact that Plaintiff's unsupported conjecture is not enough to sustain a claim against Hankison for the conduct Plaintiff alleges occurred in 2019.

## LAW & ARGUMENT

### I. FAILURE TO DEVELOP ARGUMENT IN SUPPORT OF PLAINTIFF'S CLAIMS WAIVES SAID ARGUMENT

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (change and omission in original); *Barany-Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008); *Hanson v. Madison Cnty. Detention Cntr.*, 736 Fed.Appx. 521,

533 (6th Cir. 2018). Further, when an argument is "short, vague, and unsupported by legal authority," this Court need not address same as it, again, is said to be "the epitome of a perfunctory argument." *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, n. 1 (6th Cir. 2007) (citing *McPherson, supra*); *Get Back Up, Inc. v. City of Detroit*, 606 Fed.Appx. 792, 798 (6th Cir. 2015). Defendant's Motion sets forth significant argument, supported by legal authority, for the proposition that there is no genuine issue of material fact to be decided and Defendant is entitled to judgment as a matter of law. [DN 43], *passim.* Plaintiff's Response completely fails to address Hankison's well-supported argument that Plaintiff's claims are all premised upon Plaintiff's 2018 arrest for which Plaintiff has stipulated probable cause, which thereby precludes Plaintiff's claims as a matter of law. [DN 43], *passim*; [DN 62]. The only thing one can even remotely construe as Plaintiff's attempt at a rebuttal to Hankison's argument on this point is Plaintiff's unsupported conjecture:

> Not only, [*sic*] does movant have reason to believe the defendant did not have probable cause for those initial arrests but; [*sic*] defendant along with unknown narcotics officers on or before October 1, 2019 presumably had a meeting of the minds and conspired to thoroughly infiltrate movants [*sic*] alleged criminality by submitting falsified documents to this honorable court in an attempt to successfully convict movant of drug crimes.

[DN 62], p.1.

Plaintiff presents this Court with no evidence to support his contention that Defendant Hankison conspired with narcotics officers and/or otherwise had any involvement whatsoever with the October 2019 search of Plaintiff's home and business. Plaintiff simply guesses that Hankison might have been involved and Plaintiff's conjecture is not sufficient to state a claim. Plaintiff certainly does not cite to any legal authority or otherwise rebut Hankison's instant Motion in any meaningful way.

Plaintiff's Response attaches 20 plus of pages of documents that pertain to someone other than Plaintiff as allegedly supportive of Plaintiff's claims against Defendant Hankison. [DN 62-2]. Nothing about the unrelated warrants and related documents support Plaintiff's speculation that Defendant Hankison had anything to do with the 2019 search of Plaintiff's residence and business. Plaintiff goes on to attach what appears to be a narrative authored by Plaintiff that references, among other things, the Commonwealth of Pennsylvania's statutory law. [DN 62-3]. Nothing contained in Plaintiff's unsworn narrative is supportive of Plaintiff's conjecture that Hankison had anything to do with the 2019 search. In fact, Plaintiff's unsworn speculative statements may not be used to oppose a summary judgment motion at all. *Pollock v. Pollock*, 154 F.3d 601, 611 n.20 (6th Cir. 1998 (unsworn affidavit may not be used to support or oppose summary judgment motion); *Hicks v. Smith*, WL 5633276 at *2 (W.D.Ky.) (November 22, 2017) (unsworn document that does not state that the statements were made under penalty of perjury do not qualify as a declaration).

Plaintiff simply cites to zero authority within his Response and Plaintiff attaches nothing to said Response in support of Plaintiff's speculation that Defendant Hankison had anything to do with the 2019 search of Plaintiff's residence and business. Speculation and conjecture are simply not sufficient to sustain Plaintiff's claims premised upon the 2019 incident. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Consequently, the only claims alleged by Plaintiff are those based upon the October 2018 arrest for which Plaintiff has stipulated probable cause, which fail as a matter of law.

## II. PLAINTIFF MAY NOT RAISE NEW CLAIMS VIA RESPONSE TO A SUMMARY JUDGMENT MOTION

The Complaint, as argued in Hankison's Motion for Summary Judgment, only asserts claims arising out of Hankison's October 14, 2018 arrest of Plaintiff. [DN 43-1], pp.8-11.

Plaintiff, in his Response, raises for the first time a purported cause of action against Hankison premised upon the 2019 search of Plaintiff's home and business. [DN 62], p.4. Plaintiff's untimely claim fails as same is nothing more than insufficient speculation as will be expounded upon below. Before reaching the speculative nature of Plaintiff's 2019 allegations, however, the Court can readily dispose of said allegations as same have not properly been put before the Court. *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007); *Tucker v. Union of Needletrades, Indus., & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) *accord Lally v. BP Prod. N. Am., Inc.,* 615 F. Supp. 2d 654, 659 (N.D. Ohio 2009) (Plaintiffs "may not expand the scope of their claims in an opposition to a summary judgment motion.").

Plaintiff did not aver, in his Complaint, any causes of action against Hankison for anything other than the October 2018 arrest. [DN 1], *passim*. Plaintiff's sudden inclusion, for the first time in Plaintiff's Response to Hankison's Motion for Summary Judgment, of new claims against Hankison premised upon a 2019 search of Plaintiff's home and business is simply improper and same should be disregarded by the Court on this basis alone. *Bridgeport Music, Inc.,* 508 F.3d at 400; *Tucker,* 407 F.3d at 788; *Lally,* 615 F. Supp. 2d at 659. Even if the Court permits the improperly raised new allegation to stand, however, same fails for the additional reasons to be set forth below.

### III. STIPULATION TO PROBABLE CAUSE NOW UNDISPUTED

It is now undisputed that on May 20, 2019 Plaintiff admitted Defendant Hankison had probable cause to arrest and charge Plaintiff in October of 2018 for the underlying crime of criminal trespass when Plaintiff stipulated to the existence of probable cause in exchange for the dismissal of the charges against him. [DN 43-3] (EXHIBIT B previously attached to Def.'s Memo. in Supp. of Def.'s MSJ, pp. 4, 7). Plaintiff's claims thereby fail as a matter of law. *Thacker v. City of Columbus*,

328 F.3d 244, 258-259 (6th Cir. 2003); *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 303-305 (6th Cir. 2005); *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 636 (6th Cir. 2004); *United States v. Leon*, 468 U.S. 897, 924-925 (1984); *Painter v. Robertson*, 185 F.3d 557, 569 (6th Cir. 1999); *Wesley v. Campbell*, 779 F.3d 421 (6th Cir. 2015); *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005); *Hartman v. Thompson*, 931 F.3d 471, 483 (6th Cir. 2019); *Broaddus v. Campbell*, 911 S.W.2d 281 (Ky.App.1995).

Plaintiff admitted probable cause existed to arrest him on October 14, 2018 and his claims lodged under the Fourth and Fourteenth Amendments therefore fail as a matter of law. *Radvansky supra*, 395 F.3d at 303-305; *Barnes*, 449 F.3d at 717-720. Additionally, Plaintiff's claims of false arrest and malicious prosecution under Kentucky (or federal if same had been alleged) law similarly fail, as same are entirely predicated upon Plaintiff's contention that Defendant Hankison did not have probable cause to arrest Plaintiff on the date of the incident in question. Plaintiff's stipulations as to probable cause negate Plaintiff's claims under Kentucky law for malicious prosecution and false arrest. *Hartman v. Thompson*, WL 793440 at *12-13; *Broaddus v. Campbell*, 911 S.W.2d 281, *supra*.

Based upon Plaintiff's failure to refute or otherwise contradict in any fashion the fact that Plaintiff stipulated probable cause for his October 2018 arrest, as well as the foregoing cited authorities, Plaintiff's claims against Hankison, which are entirely based upon an October 2018 arrest, fail as a matter of law.

### IV. <u>PLAINTIFF'S SPECULATION CANNOT SAVE HIS CLAIMS</u>

Plaintiff's Response attempts to make clear that Plaintiff is suing Hankison for the allegedly unlawful October 2018 arrest and for a 2019 search of Plaintiff's home and business. [DN 62], p.4. All of Plaintiff's claim arising out of the October 14, 2018 arrest fail as set forth above. For the first time in Plaintiff's Response, Plaintiff alleges that he also asserts claims against

Hankison for a 2019 search of Plaintiff's home and business. [DN 62], p.4. The only thing Plaintiff provides in support of his contention that Defendant Hankison had any involvement with Plaintiff after October 2018 is Plaintiff's unfettered speculation, impermissibly raised for the first time in his Response to the instant Motion, that Hankison "on or before October 1, 2019 **presumably** had a meeting of the minds and conspired to [. . .]." Simply put, Plaintiff's presumptions are not sufficient to defeat Hankison's instant Motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (Defeat of the summary judgment motion requires more than just a scintilla of evidence or mere speculation); *accord Hazley v. Wal-Mart Stores East, L.P.*, WL 5366115 at *3-4 (W.D.Ky.) (October 1, 2014) (Unpublished) (allegation that an injury in premises liability action "may have been" caused by an unknown defect too speculative to survive properly supported summary judgment motion).

The instant case was not filed until October 11, 2019. [DN 1]. Any conduct that occurred prior to October 10, 2018 is time barred and same cannot serve as a basis for any of Plaintiff's claims herein. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179 (6th Cir. 1990) (Kentucky's one-year statute of limitation applies to §1983 claim); KRS §413.140; *Shaw v. Handy* 588 S.W.3d 459, 461-462 (Ky.App.2019). Similar to *Shaw*, Plaintiff here asserts a claim for IIED that is premised upon the same facts that Plaintiff alleges give rise to Plaintiff's other traditional tort theories and Plaintiff cannot therefore circumvent the one year statute of limitations applicable to Plaintiff's claims. *Id.*

Further, as to the purported conduct that occurred after October 14, 2018, Plaintiff's speculation that Officer Hankison might have played some ambiguous role in the "issuance of [. . .] warrants" or that Hankison "presumably" might have been involved in the October 2019 search of Plaintiff's home and business does not state a cause of action because said unsupported

conjecture is merely speculative. *Liberty Lobby, Inc.*, 477 U.S. at 252; *Hazley. supra*, WL 5366115 at *3-4.

As set out in [DN 43-1], nowhere within the enumerated causes of action averred in the Complaint does Plaintiff connect any of Plaintiff's theories of recovery to anything other than the October 14, 2018 incident. [DN 1], *passim*. Consequently, the only set of circumstances asserted by Plaintiff as giving rise to this lawsuit is the October 14, 2018 incident, to which Plaintiff has stipulated there was probable cause. [DN 1], *passim*; [DN 43-3].

Based upon the express wording of the Complaint, Plaintiff sues Defendant Hankison only for the incident that occurred on October 14, 2018 and for which Plaintiff stipulated probable cause existed for Plaintiff's arrest.

## **CONCLUSION**

Defeat of the summary judgment motion requires more than just a scintilla of evidence or mere speculation, meaning the non-moving party is required to proffer evidence which would enable the fact finder to reasonably decide the case in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Interpreting *Liberty Lobby*, the Sixth Circuit held that "the movant [can] challenge the opposing party to 'put up or shut up' on a critical issue." *Street v. J.C. Bradford and Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). "[I]f the respondent [does] not 'put up,' summary judgment [is] proper." *Id*. In the instant case, Plaintiff has not and cannot present any evidence or testimony in support of his allegations and summary judgment is warranted.

The entirety of Plaintiff's claims hinge on the false contention that Officer Hankison did not have probable cause to arrest Plaintiff on October 14, 2018. Plaintiff's stipulation to probable cause for one of the crimes he was charged with on said date; however, precludes Plaintiff's claims as a matter of law. Defendant's instant Motion is properly granted because: (1) Plaintiff's

stipulation to probable cause negates Plaintiff's claims for violation of Plaintiff's Constitutional rights as well as Plaintiff's claims for negligence and malicious prosecution; (2) Plaintiff's claims lodged under the Fourteenth Amendment are subsumed by Plaintiff's claims brought under the Fourth Amendment; (3) Plaintiff's claims for intentional infliction of emotional distress are subsumed by Plaintiff's other claims that provide redress for emotional injuries and/or said emotional distress claims fail because of Plaintiff's stipulation to probable cause; and, (4) Plaintiff does not aver any claims arising out of any events other than the October 14, 2018 arrest and/or if Plaintiff does aver separate bases for his claims herein said separate claims are barred by the applicable statute of limitations.  Plaintiff's improperly expanded claims raised for the first time in his Response are not properly before this Court and, even if the Court elects to address said untimely claims, the claims fails as they are purely speculative.  Plaintiff's Response is the epitome of a perfunctory argument and same leaves nothing for this Court to review.  Summary dismissal of Plaintiff's claims is therefore appropriate as a matter of law.

WHEREFORE, Defendant, Brett Hankison, by counsel, respectfully requests the Court enter the Order filed in conjunction with this Motion and thereby summarily dismiss Plaintiff's claims lodged against Defendant Hankison, with prejudice.

Respectfully submitted,

/s/ Carol S. Petitt
Carol S. Petitt
Kyle M. Vaughn
VAUGHN PETITT LEGAL GROUP, PLLC
7500 West Highway 146
Pewee Valley, Kentucky 40056
(502) 243-9797
cpetitt@vplegalgroup.com
kvaughn@vplegalgroup.com
COUNSEL FOR DEFENDANT

BRETT HANKISON

## **CERTIFICATE**

This is to certify that a copy of the foregoing was electronically sent via CM/ECF and/or U.S. Mail to the following parties, on this the 24th day of March 2021:

Hon. Kristie B. Walker
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Fiscal Court Building
Louisville, Kentucky 40202

Kendrick Wilson
415 Red Crest Drive
Shepherdsville, KY 40165
PLAINTIFF


/s/ Carol S. Petitt
VAUGHN PETITT LEGAL GROUP, PLLC