UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00739-CRS

*Electronically Filed*

KENDRICK WILSON                                                                                          PLAINTIFF

vs.

LOUISVILLE-JEFFERSON COUNTY
METROPOLITAN GOVERNMENT, *et al.*                                                     DEFENDANTS

---

**DEFENDANTS' JOINT RESPONSE TO [DN 62] PLAINTIFF'S
MOTIONS TO STRIKE, FOR DEFAULT AND FOR SETTLEMENT CONFERENCE**

---

Come Defendants, Louisville/Jefferson County Metro Government and Brett Hankison, by counsel and state as follows for Defendants' Joint Response to [DN 62], Plaintiff's Motions to Strike, For Default and for Settlement Conference.

**INTRODUCTION**

Plaintiff was ordered by the Court to file a Response to Defendant Hankison's pending motion for summary judgment. Presumably, secondary to said Order, Plaintiff filed [DN 62] which bears the heading "Motion to Strike and Enter Default to Move Forward With a Settlement Conference." The body of [DN 62], however, fails to: (1) illuminate what Plaintiff is asking the Court to strike; (2) how or why Defendants are in default; and/or, (3) any other legal basis why the three motions alluded to in the title of [DN 62] should be considered or otherwise have any merit. To the extent this Court construes [DN 62] as making a motion to strike and/or for default judgment and/or to compel a settlement conference, the motions are all properly denied. Plaintiff offers this Court zero authority or reasoning to grant such motions, likely because there is none.

## LAW & ARGUMENT

### I. MOTION TO STRIKE FAILS

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a motion, "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P.* 12(f). A court may strike portions of the pleading on its own initiative or secondary to a motion made by a party. *Fed. R. Civ. P.* 12(f)(1)-(2). "Motions to strike under Rule 12(f) are addressed within the sound discretion of the Court, although they are generally disfavored." *Hashemian v. Louisville Reg'l Airport Auth.*, WL 1788473 (W.D. Ky. Apr. 26, 2013) (citing *Ameri wood Indus. Intern. Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)). "Striking a pleading is a drastic remedy to be resorted to only when required for purposes of justice." *Id.* (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F. 2d 819, 822 (6th Cir. 1953)). "A motion to strike should be granted only where there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the matter to stand would prejudice the party." *Id.* (citing *Ameriwood*, 961 F. Supp. At 1083).

First, Plaintiff's Motion to Strike, if it can be construed as such, is, upon information and belief, asking the Court to strike Defendant Hankison's Motion for Summary Judgment. [DN 62], p.1. Plaintiff's Motion to Strike fails because the motion applies to pleadings, which Hankison's motion is clearly not. *Fed.R.Civ.P.* 7(a). Based upon this reason alone, Plaintiff's Motion to Strike is properly denied.

Next, even if the Court elects to address Plaintiff's Motion to Strike on the merits, as the Court often does, even when the document to be stricken is not technically a pleading, *See e.g. Pixler v. Huff,* WL 5597327, *16-17 (W.D. Ky. Nov. 16, 2011) (denying, pursuant to Rule 12(f), a motion to strike a reply in support of a motion to dismiss), Plaintiff's motion fails nonetheless as

Hankison's Motion is timely and properly addressed by the Court. *Fed.R.Civ.P.*56(b). Plaintiff provides this Court with nothing to support granting Plaintiff the disfavored, drastic remedy of striking the pending Motion for Summary Judgment, and the Court therefore has no basis upon which to base such an Order. *Hashemian, supra; Ameri wood, supra* ("Striking a pleading is a drastic remedy to be resorted to only when required for purposes of justice." *Brown & Williamson Tobacco Corp., supra*.

Based upon the foregoing reasons, Plaintiff's Motion to Strike is properly denied and Plaintiff's Motion for Default is similarly without merit.

## II.     MOTION FOR DEFAULT FAILS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. *Fed.R.Civ.P.*55(a). Entry of a default judgment against a party is a drastic remedy which should rarely be employed. *E.F. Hutton & Co., Inc. v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972); *Harding v. Apartment Inv. And Management Co.*, WL 211528 at *6 (W.D.Ky. January 10, 2011) (Unpublished). "Default judgments are disfavored, and there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Walton v. Rogers*, 860 F.2d 1081 (6th Cir. 1988) (Table of Decisions Without Reported Opinions) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of the U.S. and Can.*, 674 F.2d 1365, 1369 (11th Cir.1982)).

The Sixth Circuit instructs, relative to default judgments, as follows:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b). Finally, Rule 55(c) authorizes a motion to set aside a default

>   judgment pursuant to Rule 60(b). See generally 10 C. Wright & A.
>   Miller, Federal Practice and Procedure: Civil §§ 2681–2700 (1973).

*United Coin Meter Co., inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981)).

Upon review of the record in the instant matter it is clear that Plaintiff's Motion for Default fails as a matter of law.

Plaintiff has failed to satisfy his burden of demonstrating that Defendants have failed to plead or otherwise defend as required under *Fed.R.Civ.P.*55(a).  Plaintiff has failed this burden because Defendants have all filed responsive pleadings and dispositive motions addressing the lack of merit of Plaintiff's claims.  [DN 4] (*Def. Metro's Mot. to Dismiss)*; [DN 6] (*Hankison's Answer)*; [DN 24] (*Metro's Answer*); [DN 43] (*Hankison's MSJ*).  Defendants have all defended this matter from the inception of this case and entry of default would be clear error and an abuse of discretion.  *Fed.R.Civ.P.*55(a); *Walton v. Rogers*, 860 F.2d 1081 (6th Cir. 1988) (Table of Decisions Without Reported Opinions) (citing *Varnes v. Local 91, Glass Bottle Blowers Ass'n of the U.S. and Can.*, 674 F.2d 1365, 1369 (11th Cir.1982)).

Simply put, Plaintiff has not and cannot clear the hurdle that requires him to show that Defendants have failed to defend this action and Plaintiff's Motion for Default is therefore properly denied.  *Fed.R.Civ.P.*55(a).  Plaintiff's Motion seeking a Settlement Conference should also be denied pending the resolution of Hankison's well-supported Motion for Summary Judgment.

### III.     **SETTLEMENT CONFERENCE WOULD NOT BE PRODUCTIVE**

Lastly, Plaintiff has possibly filed a motion that seeks either the compelled or simply an agreed upon settlement conference.  [DN 62], p.1.  A settlement conference would not be productive at this time given the merit of the dispositive motion currently pending before this Court. [DN 43].  Given, upon information and belief, the likely success of Hankison's Motion for Summary Judgment, it is anticipated that Louisville Metro would also subsequently be dismissed.

"As a general proposition, where an underlying claim against an officer fails, the *Monell* claim against that officer's employer necessarily fails as well." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 449 (6th Cir. 2011) (holding that because a jury found that an officer had not engaged in excessive force, the jury was prohibited from considering the *Monell* claim against the municipality). Because the entirety of Plaintiff's claims may very likely be dismissed, Defendants simply cannot agree that a settlement conference would be productive at this juncture.

Defendants will, of course, adhere to any Order of this Court; however, to the extent Plaintiff moves this Court to order a settlement conference, Defendants simply indicate to the Court that such a conference is highly unlikely to be productive at this stage of the litigation, especially in light of the fact that Plaintiff has stipulated to the existence of probable cause for the arrest upon which Plaintiff bases the entirety of his claims in this matter.

### CONCLUSION

Plaintiff's Motion to Strike and Enter Default to Move Forward With a Settlement Conference should be denied because Plaintiff's Motion does not: (1) illuminate what Plaintiff is asking the Court to strike; (2) how or why Defendants are in default; and/or, (3) offer any other legal basis why the three motions alluded to in the title of [DN 62] should be considered or otherwise have any merit. To the extent this Court construes [DN 62] as making a motion to strike and/or for default judgment and/or to compel a settlement conference, the motions are all properly denied for the reasons set forth above.

WHEREFORE, Defendants, Louisville/Jefferson County Metro Government and Brett Hankison respectfully request this Court deny Plaintiff's Motion to Strike and Enter Default to Move Forward With a Settlement Conference.

Respectfully submitted,

/s/ Carol S. Petitt
Carol S. Petitt
Kyle M. Vaughn
VAUGHN PETITT LEGAL GROUP, PLLC
7500 West Highway 146
Pewee Valley, Kentucky 40056
(502) 243-9797
cpetitt@vplegalgroup.com
sporter@vplegalgroup.com
COUNSEL FOR DEFENDANT
BRETT HANKINSON


/s/ Honorable Kristie B. Walker
Hon. Kristie B. Walker
Assistant Jefferson County Attorney
531 Court Place, Suite 900
Fiscal Court Building
Louisville, Kentucky 40202
COUNSEL FOR DEFENDANT
LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT


**CERTIFICATE**

This is to certify that a copy of the foregoing was sent CM/ECF and/or U.S. Mail to the following parties, on this the 30th day of March 2021:

Kendrick Wilson
415 Red Crest Drive
Shepherdsville, Kentucky 40165
PLAINTIFF


/s/ Carol S. Petitt
VAUGHN PETITT LEGAL GROUP, PLLC